## Ruth Bigelow, Appellant, v. Charles Burnside et al., Appellees.

## Gen. No. 5,998.

FENCES, § 6*—*when owner liable for failure to maintain.* Before a landowner may recover from an adjoining owner for rebuilding a portion of a division fence, which the latter is by agreement bound to maintain, there must be an adjudication by the fence viewers under section 6 of chapter 54 of the Revised Statutes (J. & A. ¶ 5706).

Appeal from the Circuit Court of Knox county; the Hon. R. J. GRIER, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed March 9, 1915.

R. D. ROBINSON, for appellant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

HARDY, WELSH & HARDY, for appellees.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

This suit was instituted by the appellant, to recover the cost of repairing and rebuilding a division fence. The appellant and appellees are adjoining landowners, and there is a division fence between their respective farms. In the year 1876, the appellant and Thomas Clark, the father of appellees, from whom they inherited their farm, entered into an agreement, whereby the appellant was to keep up the north half and Thomas Clark was to keep up the south half of this division·fence. The appellant claimed that the south part of the division fence, which was to be kept up by appellees, became dilapidated and out of repair, and that it was necessary to rebuild it. She thereupon gave written notice that unless the appellees "make and maintain their proportion" of the division fence in question, within sixty days from the date of the service of the notice, the appellant would make said fence at their expense. The appellees did nothing, and after the lapse of sixty days, the appellant caused appellees' part of the division fence to be rebuilt, and then brought this suit to recover the cost of such rebuilding.

A jury trial was had in the Circuit Court of Knox county. It was admitted on the trial that the question of the neglect to repair and rebuild the fence, and the necessity therefor, had never been submitted to fence viewers,·for examination and decision; and the court thereupon directed a peremptory verdict for the appellees, which was returned, and a judgment rendered thereon.

Practically, the question brought before this court for determination is, whether it was a legal prerequisite to a recovery that the matter of the neglect and the necessity of repairing and rebuilding the division

fence be submitted to legally constituted fence viewers. We are of opinion that section 6 of chapter 54 of the Revised Statutes (J. & A. ¶ 5706) is applicable to and governs the matter in controversy, and that it was necessary, as a basis for recovery in this case by appellant, to show that the provisions of that section in regard to the intervention of fence viewers had been complied with before instituting her suit; and the court, therefore, committed no error in instructing the jury, in the absence of such showing, to find a verdict for appellees.

The judgment should be affirmed.

*Affirmed.*